MICHAEL GARVIN & another *vs.* THOMAS DEAN.

Hampshire. September 16, 1874. WELLS & MORTON, JJ., absent.

In a writ of entry, where the description in the deed, under which the demandant claims, after beginning at an ascertained point, is, " thence northerly bounded easterly by land of this grantor to the highway, thence northwesterly by said highway to land of B."; and it is shown that a due north line from the ascertained point will reach the land of B. before it reaches the highway; the tenant is not entitled to a ruling that as a matter of law the deed does not give the grantee more than one foot on the highway.

WRIT OF ENTRY. At the trial in the Superior Court, before *Aldrich,* J., the jury found for the demandants, and the tenant excepted to the refusal of the presiding judge to rule as requested by him. The facts appear in the opinion.

*D. W. Bond,* for the tenant.

*S. T. Spaulding,* for the demandants.

GRAY, C. J. The deed to the demandants describes the boundaries of the easterly end of the lots conveyed as follows : Beginning at an ascertained point at the southeasterly corner, " thence northerly bounded easterly by land of this grantor to the highway leading from Northampton to Florence ; thence northwesterly bounded northeasterly by said highway to land of Jonathan A. Clark." The matter in controversy is the course of the first of these two lines, and the consequent length of the second.

The tenant contended that the first line was to run as nearly north as possible consistently with any boundary upon the highway, and that the second line therefore could not be more than a foot in length. The demandants contended, and the jury have found, that the first line ran north 60° east. which would carry

it in the most direct course to the highway, give the demandants a boundary of twenty-five feet on the highway, and allow to the tenant as long a boundary upon the highway as his later deed from the same grantor called for.

It does not appear on the bill of exceptions that the grantor, who once owned all the land in question, ever made any other deed thereof, or whether the whole evidence is reported. It was not contended for the tenant at the trial, nor at the argument here, that the description was too vague and uncertain to be located at all; but it was assumed by both parties that it was capable of being defined either by the court or the jury.

The only exception taken was to the refusal of the presiding judge to instruct the jury that the demandants' deed did not give them more than one foot on the highway, and could not include twenty-five feet as they claimed. We are of opinion that this instruction was rightly refused. The first line could not, upon any construction of the deed as applied to the evidence, run due north, without striking the land of Clark west of the highway, and thus wholly rejecting the highway as a monument. It is described in the demandants' deed not as running due north, but "northerly," and its direction, even according to the demandants' claim, is northerly, though inclining considerably to the east. *Bond* v. *Fay*, 8 Allen, 212, 215. How far it should incline to the east does not appear as matter of law upon the face of the deed. *Exceptions overruled.*