STEPHEN FOSTER and others *vs.* OBED FOSS and others.

Penobscot.    Opinion April 14, 1885.

*Deed.    Description.    Words, " northerly and easterly."*

A deed contained the following reservation: " But reserving all the lumber on the northerly and easterly side of the bog on said lot, and meaning to convey all the lumber on the southerly and westerly side of said bog." The easterly line of the bog intersected the east line of the lot. *Held*, That the reservation covers only the timber upon that part of the lot which lies northerly and easterly of the boundary line of the bog, leading from the northerly point of the bog to where it strikes the east line of the lot, and extending westerly to a line running north from the northerly point of the bog to the north line of the lot.

The words, " northerly and easterly " in the description in a deed where there is no object to direct their course, must be taken to mean due north and east; but when there are monuments to which they are applicable they may have their legitimate meaning and full force, and yet the course incline either way, any distance, so long as it tends toward the north and east.

ON REPORT.

Trespass for cutting timber on plaintiffs' land in La Grange. The case was reported to the law court to determine the true construction of the reservation in defendants' deed to plaintiffs, recited in the opinion, the case to be sent " back to be tried upon the principles determined by the court."

*Davis and Bailey*, for the plaintiffs.

*Jasper Hutchings*, for the defendants.

DANFORTH, J. The only question raised in this case is the proper construction of a clause following the description in a deed from the defendants to the plaintiffs which reads as follows : " But reserving for two years all the lumber on the northerly and easterly side of the bog on said lot and meaning to convey all the lumber on the southerly and westerly side of said bog."

The latter part of this clause relating to the conveyance, is not material except as it may throw light upon the construction of that part making the reservation. All the lumber was conveyed by the deed except that reserved and none was reserved except such as was on the lot lying northerly and easterly of the bog. The question then to be settled is, what part of the lot did so lie. Here is no latent ambiguity to be explained, for the matter to which the language is to be applied, is free from doubt. Hence much of the evidence reported, some of which has been used in the course of argument is inadmissible and can render no aid in ascertaining the meaning of the parties. There is however, a portion of the testimony, that which shows the circumstances surrounding the parties and the purpose they had in view, which is admissible, not to change to any extent the words used, but the better to enable the court to understand the meaning to be attached to such language as is used. This testimony we think may be of considerable value in this case. But this will not enable the court to correct any mistakes as to the facts under which the grantors acted, of which it is quite probable there were some. In the absence of fraud, of which there is no suggestion here, they must abide by the language of their deed. We are also to bear in mind the fact that the words to be construed are those of the grantors, a reservation in a deed, and in case of doubt and uncertainity, are to be strictly construed against the party using them.

The words " northerly and easterly " may be more comprehensive in their meaning than north and east, depending very largely for that meaning upon the facts to which they are applied. Where there is no object to direct the course, they must, at least in the description in a deed, be taken to indicate a direction due north or east ; but when there are monuments upon the face

of the earth to which they are applicable they may have their legitimate meaning and full force and yet the course incline either way to any distance, so long as it tends toward the north or east, and in connection with these facts retain a definite and unmistakable meaning. The course will still retain its characteristic as northerly, or easterly, or both. *Brandt* v. *Ogden*, 1 Johns. 156 ; *Garvin* v. *Dean*, 115 Mass. 577.

The bog to which these words " northerly and easterly " are applied has no distinctly north side bounded by a straight or nearly straight line. In running that line beginning at point C as claimed by the defendants, following the bog which is made a monument, we pursue a northerly course tending to the east until we arive at point A which if not the head of the bog is sufficiently near it to answer the purposes of this case. Leaving point A still following the line of the bog our course is easterly, tending on the whole southerly until we arrive at the point where the bog crosses the east line of the lot, and for the purposes of this case we have no occasion to trace the line farther.

The words " northerly and easterly " as used in the reservation are connected by a copulative conjunction ; both are adjectives and both qualify the word " side," which is in the singular number. We have then one side in the reservation, and that side to answer the description must be both northerly and easterly. With this explanation applying the language of the reservation to the face of the earth, we have an exact description of that part of the lot reserved. That portion which adjoins the line running easterly and southerly must necessarily be northerly and easterly of it.

The defendants claim that the word northerly, includes that part of the lot which adjoins the line from C to A. So it would if that qualifying word were used alone. But it is not, and by no fair interpretation can we describe it by the words " northerly and easterly," for in fact it lies northerly and westerly of the bog. Hence to sustain the defendants' view we must eliminate the word easterly as without meaning. Or if we are to give the words " northerly and easterly " distinct meanings as applicable to different sides, then we must do the same with

the words "southerly and westerly" used in the grant. By this method that part of the lot in question lies as much westerly of the bog as northerly and would be described by the one word as well as the other. This would leave it uncertain whether it would be included in the reservation or grant; in which case upon the familiar principle of interpretation already referred to, it must be included in the latter.

If we adopt the conclusion contended for, that the grantors, in the reservation and grant, intended to cover the whole lot, it would not change the result, for then the portion of the lot in dispute would be included in the grant rather than in the reservation.

But while the grantors probably intended to convey or reserve all the timber upon the lot, we see no evidence tending to show that under the clause in question they intended to cover the whole lot. Certainly there is no phrase in it which by a fair construction will include the northwest corner of the lot. The testimony which is admissible leads us to the conclusion that the parties, especially the grantor who was principally instrumental in the sale, at the time, supposed there was no lumber upon that part which he cared to reserve. When running the northerly line the point of starting at the west end was fixed upon by him when he was upon the ground, with a view to running the line so far south as to leave such lumber as he wanted to the north of it while conveying as much of the bog as possible. Fearing that a line due east would not save to him the lumber he wanted on the easterly part of the lot, he suggested a line tending to the south and after some discussion it was agreed that the variation should be thirty degrees south. Subsequently fearing that this variation might not be sufficient to save his desired lumber at the east end, so far as appears not doubting the sufficiency of the starting point, out of an abundant caution he puts in this reservation which, as we have seen is in apt words to reserve his lumber upon the northeast corner of the lot, the very object he had in view, and not upon the northwest where he supposed there was none of the kind he wanted. Thus he accomplished the purpose he had in view. That the defendants subsequently

Plan referred to in the opinion of land conveyed by the deed of the defendants to the plaintiffs, which contained the reservation recited in the opinion.

found the mistake in regard to the lumber on the northwest corner, if it was a mistake, is not material. If there is any remedy it is not in the course they have taken to secure their alleged rights, nor can it be found in a defence to this action. In the absence of any allegations of fraud they must abide the language of their deed.

Our conlusion is that the reservation covers only the timber upon that part of the lot conveyed which lies northerly and easterly of the boundry line of the bog leading from point A to where it strikes the east line of the lot and extending westerly to a line running from A to the north line of the lot.

*Action to stand for trial.*

Peters, C. J., Virgin, Emery, Foster and Haskell, JJ., concurred.