THOMAS HOWARD *vs.* THE TRUSTEES OF THE COLLEGE OF THE HOLY CROSS.

Worcester.    October 1. — 5, 1874.    COLT & MORTON, JJ., absent.

A writ of entry may be maintained by proof of title by deed to part of the demanded premises, and by adverse possession to the rest, although the jury cannot say how much the deed covers.

A general verdict for the demandant upon a writ of entry which describes the demanded premises as bounded beginning at the intersection of two streets named, thence northerly on one of those streets three hundred and forty feet to the river, thence easterly on the river forty-eight and a half feet to a willow tree, thence southerly on land of the tenants three hundred and sixty-five feet to the first mentioned bound, is sufficiently definite.

WRIT OF ENTRY to recover " a certain tract of land situated in Worcester on the easterly side of Southbridge Street ; bounded and described as follows : commencing at a point on the easterly side of Southbridge Street where College Street intersects South-bridge Street, thence northerly on said Southbridge Street three hundred and forty feet to the river, thence easterly on said river forty-eight and one half feet to a willow tree, thence southerly on land of the tenants three hundred and sixty-five feet to the first mentioned bound. Plea, *nul disseisin.* Trial in the Superior Court before *Bacon*, J., who allowed the following bill of exceptions :

The demandant introduced his deeds tending to show his record title to the whole tract as he claimed. He then offered parol evidence, tending to show a prescriptive right by adverse possession of the same entire tract claimed under his deeds ; to which the tenant objected. The judge overruled the objection, and allowed the demandant to introduce the evidence.

The tenants contended and offered evidence tending to show that the demandant's deeds did not cover the entire tract, and that, if they covered any, they covered only a part of it. They also offered evidence tending to show that the demandant had not been in possession of the premises twenty years.

There was evidence tending to show that the tract of land claimed was bounded on the easterly side by land of the tenants, and that the line was straight from a willow tree, by the bank of the river at the northerly end to the intersection of the easterly line of Southbridge Street with the northerly line of College Street. There was a wall on said line for the whole distance, except a few feet, where there was a barway, and it was in issue before the jury whether that wall was or not on the line between the demandant's and the tenants' lands.

The jury returned a general verdict for the demandant, and to a question of the judge, answered that as to a part of the premises they found upon the deed, and as to a part of it by possession. Upon the judge asking the jury if they could state how much they found by deed and how much by possession, they answered that they could not.

The tenants moved to set aside the verdict as against the law and the evidence ; and also moved in arrest of judgment " be-

cause the verdict of the jury does not sufficiently describe the premises so as to define the boundary line between the demandant and tenants whereupon to found a judgment and writ of possession." Both of these motions were overruled, and the tenants alleged exceptions.

*G. Swan*, (*M. J. McCafferty* with him,) for the tenants.   1. The evidence of a prescriptive right by adverse possession to raise the presumption of a lost grant was inconsistent with the demandant's production of his deed under which he claimed the entire tract demanded.

2. The motion to set aside the verdict as against law should have been allowed, because the demandant claimed no title by grant except by the deed put in the case, and the jury found that this covered only a part of the tract demanded ; then his possession of the rest, being under no other claim or title, was not adverse.

3. The motion in arrest of judgment should have been allowed, because the verdict does not describe the premises otherwise than by the implied reference to the writ, and the description in the writ is too indefinite to enable a writ of possession to be executed. *Atwood* v. *Atwood*, 22 Pick. 283. *Cleaveland* v. *Flagg*, 4 Cush. 76.   *Cornell* v. *Jackson*, 9 Met. 150.   *Riley* v. *Smith*, 9 Allen, 370.   *Sparhawk* v. *Bagg*, 16 Gray, 583.

*F. P. Goulding*, for the demandant.

GRAY, C. J.   The demandant might maintain his title to the demanded premises, either by an express grant, or by adverse possession, or by grant as to part and adverse possession as to the rest.   His claim and possession of the whole might be adverse, although his paper title was proved to cover part only.   There was therefore no error of law in the admission of evidence, or in overruling the motion for a new trial.

Nor can the motion in arrest of judgment be sustained.   The description in the writ, to which it is admitted that the general verdict for the demandant must be applied, does not appear upon ts face to be so defective that the officer executing the writ of possession cannot readily identify the land demanded.   The de scription which was held insufficient in *Atwood* v. *Atwood*, 22 Pick. 283, merely bounded the lot demanded on two sides on land of the tenant, and gave no other bounds or monuments whatever.

But in the case at bar the land is clearly described by unmistakable monuments and boundaries on the west and north sides, and the remaining boundary line (the only one as to which any doubt is suggested) is described as running southerly by land of the tenants from a willow tree to the point first mentioned, which is the intersection of two streets named. Each end of this line is thus clearly specified. And the course " southerly " is not necessarily due south. *Garvin* v. *Dean*, 115 Mass. 577. A much less precise description was held sufficient in *Silloway* v. *Hale*, 8 Allen, 61. See also *Adams* v. *Frothingham*, 3 Mass. 352 ; *Riley* v. *Smith*, 9 Allen, 370.                                   *Exceptions overruled.*