EDWARD H. McGRATH *vs.* MAURICE B. LYNCH & another.

Suffolk.    March 2, 1948. — July 1, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Land Court,* Jury issues, Waiver.  *Constitutional Law,* Waiver of consti-
tutional rights, Trial by jury.  *Waiver.  Entry, Writ of.*

The time for filing of a claim of trial by jury by the tenant in a writ of
entry in the Land Court is governed, not by G. L. (Ter. Ed.) c. 231,
§§ 60, 142, but by § 15 of c. 185, in substance requiring that such claim
be filed with his answer.

A tenant opposing a writ of entry in the Land Court, by failing to claim
a trial by jury within the time stated in G. L. (Ter. Ed.) c. 185, § 15,
lost any standing to press a contention that the jury trial afforded by
that statute was less than that secured by the Constitution.

Section 15 of G. L. (Ter. Ed.) c. 185 affords all the essentials of the con-
stitutional right to a jury trial.

Land demanded in a writ of entry need not be described by metes and
bounds; it is sufficient if its description is so certain that seisin thereof
may be delivered by the sheriff without reference to any description
outside the writ.

WRIT OF ENTRY, filed in the Land Court on December 2,
1946.

The case was heard by *Cotton,* J.

*M. B. Lynch,* for the tenants.

*S. S. Ganz,* for the demandant.

SPALDING, J.   This is a writ of entry to recover possession
of a parcel of real estate in Boston.   The judge, finding
that the demandant was the owner of the property in
question and that the tenants were wrongfully in possession
of it, ordered judgment for the demandant.[1]   The order
included an award of damages for rent.   See G. L. (Ter.
Ed.) c. 237, § 12.

1.  The judge did not err in ordering the tenants' claim

---

[1] The demandant acquired title to the real estate on October 31, 1946, by
a deed from the city of Boston.   The title of the city was derived from a tax
title which it had acquired by a sale for taxes for the year 1933.   See *Boston
v. Lynch,* 304 Mass. 272.   By a decree of the Land Court entered on September
10, 1940, all rights of redemption were forever barred.   Exceptions to the
dismissal of a petition to vacate that decree were overruled by this court.
*Lynch v. Boston,* 313 Mass. 478.

of jury trial to be stricken from the records. General Laws (Ter. Ed.) c. 185, § 15, so far as here material, provides that "all causes in the land court shall be tried and all questions of fact finally determined by the court, unless a respondent or tenant with his answer, or a petitioner or demandant within ten days after the time limited by law for filing an appearance and answer . . . claims a trial by jury." The tenants' answer was filed on March 13, 1947, and their claim of jury trial was filed on March 21. If § 15, quoted above, applies, the claim was not seasonable. If, as the tenants argue, the provisions of G. L. (Ter. Ed.) c. 231, § 60, [1] govern, the claim was not too late. By § 142 of c. 231 it is provided that certain sections of that chapter, including § 60, "shall apply . . . to all proceedings before the land court, or begun there and pending on issues to a jury in the superior court, to which they are applicable." The provisions which regulate the claiming of jury trials in the Land Court (G. L. [Ter. Ed.] c. 185, § 15) derive from, and are substantially the same as, St. 1910, c. 560, § 1. We are of opinion that the Legislature in enacting § 142 did not intend to substitute the procedure set up in § 60 for that in § 15. See *Mackintosh, petitioner,* 246 Mass. 482. It is to be noted that § 142 provides that the sections therein enumerated shall govern proceedings in the Land Court "to which they are applicable." In holding that § 15 was not superseded by § 142 we are not depriving that section of all meaning and effect. Part of § 60, incorporated therein, can still apply to proceedings in the Land Court. Thus if in a Land Court case a jury trial is claimed in accordance with the provisions of G. L. (Ter. Ed.) c. 185, § 15, then under § 60 the case shall be entered on the list of jury cases in the Superior Court.

The tenants contend that the jury trial afforded by § 15 is less than that secured by the Constitution. By failing

[1] So far as material § 60 reads, "A separate list of cases to be tried by jury shall be kept in the supreme judicial and superior courts, and no action shall be entered thereon, except as otherwise expressly provided, unless a party, before issue joined, or within ten days after the time allowed for filing the answer or plea, or within ten days after the answer or plea has by consent of the plaintiff or permission of the court been filed . . . files a notice that he desires a jury trial."

to claim a jury trial seasonably they have waived their right to such a trial and are in no position to press this point; the question is academic. We might add that, even if the point were open, there is nothing in it. Under § 15, if a jury trial is claimed, either party may as of right have jury issues framed by the court "upon any material question of fact." Clearly this preserves all the essentials of the constitutional right to jury trial. *Mead* v. *Cutler*, 194 Mass. 277, 279. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 472–477.

2. The tenants demurred to the writ on the ground that it failed to describe the demanded premises with sufficiency and accuracy.[1] The demurrer was rightly overruled. While the land demanded in a writ of entry need not be described by metes and bounds, its description must be so certain that seisin thereof may be delivered by the sheriff without reference to any description dehors the writ. *Atwood* v. *Atwood*, 22 Pick. 283, 287. *Pettingell* v. *Boynton*, 139 Mass. 244, 247. We are of opinion that the description here satisfies this requirement. *Riley* v. *Smith*, 9 Allen, 370. *Chamberlain* v. *Bradley*, 101 Mass. 188. *Howard* v. *Trustees of the College of the Holy Cross*, 116 Mass. 117. *Merrow* v. *Norway Village Corp.* 118 Maine, 352. *Bragg* v. *White*, 66 Maine, 157. In the case last cited the following observations of Appleton, C.J., with respect to a similar contention are pertinent: "After all, the demurrer seems rather for, and on account of the officer, rather than of the tenant. But the tenant is not the protecting guardian of the officer. If the officer cannot find the land, it will be the

---

[1] The premises were described in the writ as follows: "Land with the buildings thereon on the southwesterly side of Hereford Street, numbered forty-five (45) in the numbering of said Hereford Street, making the southerly corner of Public Alley, number four hundred thirty (430) adjoining an estate now or formerly of Abigail S. Carpenter (numbered 47 Hereford Street) and supposed to contain about two thousand forty-nine (2,049) square feet. Said land is situated in Block 27, sec. 5, Back Bay District as shown in the Boston Assessors' Books of Plans of said City, filed in the Suffolk Registry of Deeds, being premises on which the City of Boston by a decree of the Land Court, Suffolk Registry District in Case No. 13294 T. L., dated September 10, 1940, foreclosed a right of redemption under a tax deed recorded in the Suffolk County Registry of Deeds, Book 5547, Page 214, which premises were conveyed to the demandant by deed of the City of Boston dated October 31, 1946, and recorded in the Suffolk County Registry of Deeds on November 6, 1946, as instrument numbered thirty (30) of said date."

misfortune of the demandant, not of the tenant. If he can find it, then the declaration is sufficient. . . . We apprehend the fear is, that he may find it" (page 160).

The other points raised by the tenants, of which there is a plethora, have been examined. Most of them are highly technical and all of them are without merit. To discuss them would unduly prolong this opinion to no useful purpose.

> *Exceptions overruled.*
> *Decision affirmed.*