NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11908

JOSHUA CHARBONNEAU vs. PRESIDING JUSTICE OF THE HOLYOKE
DIVISION OF THE DISTRICT COURT DEPARTMENT.


Suffolk.     October 8, 2015. - January 22, 2016.

Present: Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Supreme Judicial Court, Superintendence of inferior courts.
     District Court. Practice, Criminal, Plea. Statute,
     Construction.



     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on May 13, 2015.

     The case was reported by Botsford, J.


     Paul R. Rudof, Committee for Public Counsel Services (Ryan
M. Schiff, Committee for Public Counsel Services, with him) for
the plaintiff.
     Susanne G. Reardon, Assistant Attorney General, for the
defendant.
     William C. Newman, Chauncey B. Wood, & Joseph N.
Schneiderman, for American Civil Liberties Union of
Massachusetts & another, amici curiae, submitted a brief.


     HINES, J. In this appeal, we determine whether a standing

order of the Holyoke Division of the District Court Department

(Holyoke District Court), prohibiting the tender of a so-called "defendant-capped" plea on the day of trial, contravenes the guilty plea procedure mandated in G. L. c. 278, § 18, and Mass. R. Crim. P. 12, as appearing in 442 Mass. 1511 (2004). Joshua Charbonneau, who stands charged in the Holyoke District Court with larceny over $250, challenges the standing order on statutory and constitutional grounds. He contends that the standing order violates his right to tender a defendant-capped plea at any time prior to trial because neither G. L. c. 278, § 18, nor Mass. R. Crim. P. 12 imposes a time limit on such tenders. He also asserts that the judicially imposed time limit unconstitutionally burdens his right to due process. We conclude that the standing order conflicts with and impairs a defendant's right to tender a defendant-capped plea as provided in G. L. c. 278, § 18, and Mass. R. Crim. P. 12. Consequently, we vacate the standing order on that ground and bypass Charbonneau's constitutional claim.[1]

1. Background. On February 19, 2015, the presiding justice of the Holyoke District Court[2] (presiding justice) promulgated a standing order applicable to trials beginning with

---

[1] We acknowledge the amicus brief filed by the American Civil Liberties Union of Massachusetts and the Massachusetts Association of Criminal Defense Lawyers.

[2] The record before us indicates that the presiding justices of the Greenfield and Orange Divisions of the District Court Department have promulgated similar standing orders.

the June, 2015, jury-of-six session.  In accordance with the standing order, a defendant who intended to proffer a defendant-capped plea was required to do so at the final pretrial status conference which, in the Holyoke District Court, is scheduled for the Wednesday two weeks prior to trial.[3]  After this deadline, the court would only consider a so-called "Commonwealth-capped" plea on the day of trial.

In response to concerns expressed by the defense bar, the presiding justice issued an "Amended Standing Judicial Order of the Holyoke District Court" on March 31, 2015 (amended standing order), extending the time during which a defendant could tender a defendant-capped plea.  The amended standing order provides that "the [c]ourt will allow a defendant-capped plea at any time during the case until 2:00 P.M. the day prior to the scheduled trial by judge or jury."  Amended standing order, supra at fifth par.  The standing order further provides that "[t]he [c]ourt will continue to accept unagreed pleas on the day of trial[. H]owever, the pleas will be Commonwealth-capped pleas on the day of trial and the defendant will not be allowed to withdraw a plea which exceeds his suggested sentence unless the [c]ourt's disposition exceeds the Commonwealth's recommendation."  Id. at seventh par.  The presiding justice, implicitly recognizing that

---

[3] Although the parties refer to a "readiness" conference, we use the more recognized term of status conference.

the time limit imposed by the standing order might affect a defendant's exercise of his or her rights under G. L. c. 278, § 18, and rule 12,[4] explained that "the intent of this [s]tanding [o]rder is to recognize the need of the [c]ourt in efficiently managing the flow of cases within its jurisdiction in order to deliver justice efficiently and with speed and dignity." Id. at fifth par. More specifically, the standing order, conceived as part of a broader District Court Department trial readiness initiative, was proposed as a means to maximize "juror utilization." By paring from the trial list those cases to be disposed by plea, the court would reduce the number of jurors summonsed to the court house for trial and minimize the burden to witnesses, police officers, and others compelled to appear for the trial.

In April, 2014, Charbonneau was charged with one count of larceny over $250 and one count of larceny under $250. At the first trial status conference, the Commonwealth filed a nolle

---

[4] The apparent concern of the presiding justice of the Holyoke Division of the District Court Department (presiding justice) is reflected in the following language: "The [c]ourt recognizes that the defendant-capped plea under [G. L. c. 278, § 18,] is a mechanism that provides the defendant with an important opportunity to present to the [c]ourt an agreed or unagreed request for disposition along with the right to withdraw the plea if the [c]ourt exceeds the disposition. This [s]tanding [o]rder is not intended to prevent the defendant from exercising this right in accordance with Rule 12 of the Massachusetts Rules of Criminal Procedure." Amended Standing Judicial Order of the Holyoke District Court, fifth par. (Mar. 31, 2015).

prosequi of the misdemeanor complaint charging larceny under $250 and the remaining complaint was scheduled for trial on September 17, 2015. Because Charbonneau's trial was scheduled to occur after the effective date of the standing order, his option to tender a defendant-capped plea at trial was foreclosed. His remaining option was to tender this plea not later than 2 P.M. the day before trial. Claiming an inviolable statutory right to tender a defendant-capped plea on the day of trial, Charbonneau petitioned a single justice of this court for relief pursuant to G. L. c. 211, § 3. After a hearing, the single justice stayed implementation of the standing order and reserved and reported the case to the full court.

2. Discussion. a. Right of review under G. L. c. 211, § 3. The presiding justice contends that Charbonneau may pursue other avenues of relief and has thus failed to establish a "substantial claim" or "irremediable" error sufficient to justify the extraordinary relief available under G. L. c. 211, § 3. Commonwealth v. Jordan, 464 Mass. 1004, 1004 (2012), quoting Commonwealth v. Richardson, 454 Mass. 1005, 1005-1006 (2009). We bypass the issue, however, because where a single justice reserves decision and reports a case to the full court, we grant full appellate review of the matters reported. Commonwealth v. Goodwin, 458 Mass. 11, 15 (2010).

b. Statutory right to tender defendant-capped pleas at

trial.  The procedure for tendering a guilty plea in the
District, Boston Municipal, and Juvenile Court Departments is
governed by G. L. c. 278, § 18, and Mass. R. Crim. P. 12.  See
Commonwealth v. Rodriguez, 461 Mass. 256, 258 & nn.4, 5 (2012).
General Laws c. 278, § 18, first par., provides:

> A defendant who is before the Boston municipal court
> or a district court . . . shall plead not guilty or
> guilty . . . .  Such plea of guilty shall be submitted
> by the defendant and acted upon by the court;
> provided, however, that a defendant with whom the
> commonwealth cannot reach agreement for a recommended
> disposition shall be allowed to tender a plea of
> guilty together with a request for a specific
> disposition. . . .  If such a plea, with an agreed
> upon recommendation or with a dispositional request by
> the defendant, is tendered, the court shall inform the
> defendant that it will not impose a disposition that
> exceeds the terms of the agreed upon recommendation or
> the dispositional request by the defendant, whichever
> is applicable, without giving the defendant the right
> to withdraw the plea.

Similarly, rule 12 protects a defendant who chooses to tender a
guilty plea from the risk of a higher sentence -- whether or not
the parties agree on a recommendation for a specific
disposition.  More specifically, rule 12 (c) (4) (A), as
appearing in 470 Mass. 1501 (2015), applicable to
recommendations for sentencing not agreed upon by the parties,
provides that "the judge shall inform the defendant that the
disposition imposed will not exceed the terms of the defendant's
request without first giving the defendant the right to withdraw
the plea."  Rule 12 (c) (4) (B), as appearing in 470 Mass. 1501

(2015), applicable to agreed-upon recommendations for sentencing, contains the virtually identical language.

The statute, complemented by the rule, defines the two essential elements of a defendant-capped plea: (1) the defendant shall tender a guilty plea; and (2) on the tender of the plea, the judge shall inform the defendant of his or her unconditional right to withdraw the plea if the proposed disposition exceeds the agreed-upon recommendation or that requested by the defendant. In defining the requisites of a defendant-capped plea, neither the statute nor the rule incorporates a time limit. Rather, the tender of a guilty plea triggers the sentencing protections inherent in a defendant-capped plea. The judge's recital of the defendant's right to withdraw the plea is mandatory, not discretionary.

Both Charbonneau and the presiding justice rely on the absence of language specifying a timeframe for the tender of a defendant-capped plea to support their arguments regarding the validity of the standing order. Charbonneau contends that where the statute and rule lack a specific provision imposing time limitations on the tender of a plea, none may be implied. Conversely, the presiding justice argues that the statute is silent as to when a plea may be tendered and that, as a consequence, the timing of the tender is a matter left to the court's discretion and may be governed by court management

rules. The presiding justice further argues that the court may impose a reasonable limitation on the right to tender a defendant-capped plea, as a means of improving court efficiency.[5] We are not persuaded by the presiding justice's arguments and conclude that G. L. c. 278, § 18, and rule 12 preclude the imposition of a time limitation, as set forth in the standing order, on the tender of a guilty plea.

While we acknowledge that neither G. L. c. 276, § 18, nor rule 12 contains express language governing the timing of a plea tender, we disagree that the absence of such language permits a judicially imposed time limitation. Applying familiar rules of statutory construction, we conclude that the Legislature's failure to include a time limit for the plea tender cannot justify an interpretation that undermines the purpose of the statute.

If a statute is "simply silent" on an issue, "we interpret the provision 'in the context of the over-all objective the Legislature sought to accomplish.'" Seller's Case, 452 Mass. 804, 810 (2008), quoting National Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 667 (2000). Our task is to discern and implement the intent of the Legislature. Oxford v.

---

[5] In view of our conclusion that the standing order violates defendants' statutory right to tender a defendant-capped plea at trial, we need not reach the presiding justice's contention that the standing order's pretrial deadline is a reasonable limit on a defendant's due process rights.

Oxford Water Co., 391 Mass. 581, 587 (1984).  Based on our review of the statute as a whole, we conclude that the central purpose of G. L. c. 278, § 18, is to preserve a defendant's right to tender a defendant-capped plea.  This purpose is plainly discernible from the single mandate of the statute: that the court "shall inform the defendant that it will not impose a disposition that exceeds the terms of the agreed upon recommendation or the dispositional request by the defendant."  G. L. c. 278, § 18.  This singular focus establishes that purpose as the sine qua non of the statute.

The centrality of this purpose is further evinced by the timing of the statute's enactment.  The Legislature created the defendant-capped plea procedure at the same time that it eliminated the two-tier trial de novo system in the District Court and Boston Municipal Court Departments.  See Commonwealth v. Pyles, 423 Mass. 717, 720-721 (1996).  The trial de novo procedure, which originated in the Colonial era, allowed a convicted defendant to opt for a new trial.  See St. 1783, c. 51.  In effect, this was a risk-free opportunity to put the Commonwealth to its proof of the crime charged.  Although the Legislature preserved the right to a jury trial when it eliminated the de novo trial, this change altered the balance that had previously favored defendants.  Viewing the elimination of the long-standing trial de novo system as a curtailment of

defendants' rights, the Legislature properly could create a statutory right to tender a defendant-capped plea as the appropriate counterbalance. Thus, our analysis proceeds on the assumption that protection of the right to tender a defendant-capped plea lies at the heart of the statute and that rule 12 reinforces this purpose by incorporating a comprehensive scheme to protect that right.

In deference to the legislative prerogative to provide this protection to a defendant, we are obliged to fashion a statutory interpretation that furthers rather than restricts the exercise of this right. See Pyles, 423 Mass. at 721-722, quoting Weems v. United States, 217 U.S. 349, 379 (1910) (Legislature's prerogative to cloak defendant with sentencing protections "is not to be interfered with lightly"). The prohibition of a defendant-capped plea on the day of trial unquestionably restricts the sentencing protections offered by the statute and the rule. The standing order imposes more than a logistical time constraint; it is a substantive limit on defendants' sentencing protections. In its operation, the standing order undermines the purpose of the statute because it permits a judge to bypass the mandated sentencing protections if, for any reason, the defendant does not tender a plea before the day of trial. As we have discussed, we discern a legislative purpose to protect, without exception, a defendant's right to tender a

defendant-capped plea.  Because neither the statute nor the rule

expressly permits the time limit imposed by the standing order

and because the time limit undermines the purpose of the

statute, we reject the presiding justice's contention that the

standing order is a valid exercise of its administrative

authority to manage the schedule of court business.

Our interpretation draws support from the legislative

history of G. L. c. 278, § 18.  The Legislature has not

restricted the defendant-capped plea procedure, despite multiple

revisions to both G. L. c. 278, § 18, and rule 12.  When the

Legislature ended trials de novo and created the one-trial

system, it explicitly retained defendants' right to request a

specific disposition, find out if the court would impose a more

punitive sentence, and withdraw their plea.  G. L. c. 278, § 18,

as appearing in St. 1992, c. 379, § 193.  When the body charged

with implementing the new trial system proposed restrictions on

pleading rights, those recommendations were not incorporated in

the final one-trial system.[6]  See SJC's Proposed Rules for One-

---

[6] The One-Trial Implementation Subcommittee of the District
Court Committee on Caseflow Management proposed a rule that
would have required "[a]ny plea or admission submitted by the
defendant after the trial date has been scheduled" to be limited
by the Commonwealth's requested disposition.  SJC's Proposed
Rules for One-Trial System, Massachusetts Lawyers Weekly (22
M.L.W. 287), Oct. 25, 1993, at 26 (publishing proposed rule
4 [c] and commentary).  This Commonwealth-capped plea is in
effect at the Superior Court.  See Mass. R. Crim. P.
12 (c) (4) (A), as amended, 470 Mass. 1501 (2015) ("In the

Trial System, Massachusetts Lawyers Weekly (22 M.L.W. 287), Oct. 25, 1993, at 23.  In fact, the Legislature expanded the right to tender defendant-capped pleas to include the entire Juvenile Court Department.  See St. 1996, c. 200, § 37.  The history of rule 12 similarly evinces an expansion of the defendant-capped plea procedure.  See Mass. R. Crim. P. 12, as appearing in 442 Mass. 1511 (2004), and 470 Mass. 1501 (2015).  Rule 12 was strengthened to reflect the mandatory defendant-capped plea process provided by G. L. c. 278, § 18.  See Reporters' Notes to Rule 12 (2004), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1493 (LexisNexis 2014-2015).

Last, while not dispositive, long-standing trial practice supports our view that a defendant's right to tender a defendant-capped plea at trial is an essential part of the fairness calculus in the guilty plea process.  See Goodwin, 458 Mass. at 20 & n.12 (2010) ("defense capped plea" procedure common litigation practice since 1987 version of Mass. R. Crim. P. 12 [c] [2], as appearing in 399 Mass. 1215).  In Pyles, 423 Mass. at 718, 722, which also involved the tender of a defendant-capped plea on the day of trial, we upheld the constitutionality of G. L. c. 278, § 18.  In that case, we had

Superior Court, the judge shall inform the defendant that the disposition imposed will not exceed the terms of the prosecutor's recommendation without first giving the defendant the right to withdraw the plea").

no occasion to address the timing of a defendant-capped plea, but we noted the prevalence of the practice. Id.

Although we implicitly addressed the point earlier in our analysis, we note briefly our rejection of the presiding justice's additional argument that judicial discretion to accept or deny a defendant-capped plea, see Mass. R. Civ. P. 12 (a) (3) ("A judge may refuse to accept a plea of guilty"), encompasses the authority to truncate the time in which defendants may tender such pleas. The presiding justice argues that because "[n]either [r]ule 12 nor G. L. c. 278[,] § 18[,] establish[es] how many times a defendant may tender a defense capped plea," "[i]ndividual judges are free to formulate their own policy on this issue as the needs of their particular courts dictate." See Reporters' Notes to Rule 12 (2004), supra at 1490. An individual judge's discretion to accept or reject a plea is not the same as the court's exercise of its discretion to establish trial management policies that impair a defendant's statutory rights. First, the acceptance or refusal of a plea has constitutional dimensions not at issue here. See Commonwealth v. Furr, 454 Mass. 101, 106-107 (2009) (pleas must be made intelligently and voluntarily to be effective waiver of right to trial). Second, as explained above, under G. L. c. 278, § 18, and rule 12, a judge has no discretion to alter the statutory procedure by requiring the tender of a defendant-capped plea

before trial. The statute and the rule mandate the judge to respond to the plea tender, not set deadlines to receive it.

Any reliance on Rule 4(c) of the District/Municipal Courts Rules of Criminal Procedure fails for the same reason. Rule 4(c) does not confer judicial authority to forbid defendant-capped pleas at trial (thereby indirectly setting time limits on the tender of defendant-capped pleas). Rule 4(c) states: "If the court rejects the dispositional terms . . . it shall so inform the defendant and the defendant shall be permitted to withdraw the plea or admission." Rule 4(c) mimics the language of G. L. c. 278, § 18, and Mass. R. Crim. P. 12 (c) (4) (A), which require the judge to respond to a defendant's tender of a defendant-capped plea. Further, and as described above, rule 4(c) is a court rule, not an independent source of authority to trump a specific statutory right. See Senior Hous. Props. Trust v. HealthSouth Corp., 447 Mass. 259, 271 (2006).

Although we reject the standing order as a valid exercise of the Holyoke District Court's administrative authority, we are mindful and respectful of the case management and quality of justice imperatives underlying the presiding justice's promulgation of the standing order. At the same time, we are compelled to establish boundaries that do not encroach on the rights of defendants. We are especially protective of these boundaries where there exists, as here, a well-defined and

carefully guarded right to tender a defendant-capped plea.  The inherent authority of the judiciary, which we recognize fully, Campatelli v. Chief Justice of the Trial Court, 468 Mass. 455, 475-476 (2014), cannot justify the standing order where it conflicts with Charbonneau's statutory right.  See Senior Hous. Props. Trust, 447 Mass. at 271 ("where there is an irreconcilable conflict between a court rule and a statute, the rule generally must yield to the statute").

3. Conclusion.  For the reasons stated above, we are persuaded by Charbonneau's argument that the presiding justice may not promulgate a standing order imposing a time limit on defendant-capped pleas where the Legislature has not seen fit to do so.  Therefore, we vacate the standing order insofar as it purports to preclude the tender of a defendant-capped plea on the day of trial.

So ordered.