GUARDIANSHIP OF NOLAN (and a consolidated case). April 20, 2004. *Guardian. Moot Question. Practice, Civil,* Moot case.

The petitioner, the mother of the ward (her minor son), appeals from two judgments of a single justice of this court denying her petitions pursuant to G. L. c. 211, § 3. We dismiss her appeals as moot.

In her petitions, the mother sought relief from a decree of a judge in the Probate and Family Court appointing the mother's adult daughter as temporary guardian of the ward, and from a second judge's subsequent denial of the mother's motion to vacate the decree. The second judge also extended the decree several times. The decree and its extensions were issued as a result of the daughter's filing applications for permanent and temporary guardianship based on her allegations that the ward's biological parents and his stepfather were neglecting and abusing him. The mother opposed both the temporary

---

and permanent guardianships. See G. L. c. 201, §§ 2, 14, 15; Rule 29B of the Rules of the Probate Court (2004).

The mother contended before the single justice — and reiterates on appeal — that the allegations of parental mistreatment of the ward were too vague to justify the appointment of a guardian, and that both the judge who issued the decree and the judge who extended it failed to make the necessary findings to justify their orders. See G. L. c. 201, §§ 14, 15; Rule 29B.

In an order previously issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed these appeals to proceed in the regular course. Shortly after the mother filed her brief, however, the underlying petition for permanent guardianship and the decree of temporary guardianship (as extended) were dismissed in connection with certain motions filed by the ward's biological father. The daughter now moves to dismiss the appeal, arguing that the mother's claims concerning the temporary guardianship have become moot. We agree. Cf. *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001); *Matter of Rudnicki*, 421 Mass. 1006 (1995). The mother's case is not one that falls into the category of cases capable of repetition yet evading review; her claims are heavily dependent on the specific facts of this case, unlikely to arise again in substantially the same form, and should they recur, they would not necessarily evade review before they become moot. Accordingly, we dismiss the mother's appeals as moot.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Rebecca L. Gietman* for the mother.

*Marilyn J. Schmidt* for the temporary guardian.