IN THE MATTER OF A GRAND JURY SUBPOENA. September 20, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Constitutional Law,* Self-incrimination. *Grand Jury.*

The petitioner appeals from the denial of his petition under G. L. c. 211, § 3, by a single justice of this court. In his petition, he challenged an order entered by a Superior Court judge ordering him, over his objection based on his invocation of the privilege against self-incrimination, to testify before a Suffolk County grand jury investigating a crime of which the petitioner was the alleged victim. We affirm the judgment of the single justice.

The petitioner has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The petitioner claims that he cannot obtain adequate review other than through the use of G. L. c. 211, § 3, without first sacrificing his privilege against self-incrimination. This argument is unconvincing. As the single justice pointed out in his thoughtful memorandum, "it is highly unlikely, if the Commonwealth proceeds before the grand jury on a careful basis, that any possible subject that may be incriminating to the [petitioner] would be touched upon. If the prosecutor strays into a potentially protected area, the [petitioner] may then exercise his privilege on a question by question basis." In addition, where a judge orders a witness to comply with a grand jury subpoena, "[t]he usual way of challenging such orders is to disobey them and appeal from the subsequent contempt order." *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 492-493 (1992). If the petitioner invokes his privilege as to any particular question, he has a right to appeal from any ensuing contempt order. The petitioner has not "set forth the reasons why review of the trial court decision cannot adequately be obtained" by this means. S.J.C. Rule 2:21 (2). Accordingly, the petitioner has not sustained his burden under rule 2:21.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John Salsberg* for the petitioner.