Brant, J.
This is a G.L.c. 123, §9 (a) appeal by the respondent of the denial of her
motion to dismiss a petition for civil commitment on the ground that the commitment hearing was not held within the time required by statute.
Sandra Molina (“Respondent”) was admitted to the psychiatric unit of NewtonWellesley Hospital pursuant to G.L.c. 123, §12(a). On August 1, 2006, Sandra Fitzgerald, M.D., the Medical Director of Newton-Wellesley Hospital (“Petitioner”), filed a G.L.c. 123, §§7, 8 petition in the Newton Division of the District Court Department for the involuntary commitment of the Respondent.
The court appointed counsel for the Respondent and scheduled a hearing on the petition for commitment for August 7,2006. On the day of the scheduled hearing, August 7, 2006, counsel for the Petitioner filed a motion for a continuance because he felt ill and had no other attorney in his office available to handle the civil commitment proceeding. Over the opposition of counsel for the Respondent, the judge allowed the Petitioner’s motion and continued the hearing for two days.
On August 9,2006, Respondent’s counsel filed a motion to dismiss the petition for commitment on the ground that the hearing had not been held within the statutory time limits. The judge denied the dismissal motion without a hearing, noting that the basis for her ruling was that the continuance had been required by the illness of Petitioner’s counsel. When the parties assembled for the commitment hearing later that same day, Respondent’s counsel again pressed his motion to dismiss. The judge stated that she had already denied it.
The hearing went forward. At its conclusion, the judge allowed the petition for civil commitment.
1. Although the commitment could have lasted for up to six months, G.L.c. 123, §8 (d), Newton-Wellesley Hospital actually discharged the Respondent on August 31, 2006, prior to the entry of the Respondent’s appeal in this Division. While the appeal is thus technically moot, it must be noted that “ [ijnvoluntary commitment to a mental health facility is often brief, and will seldom present an active controversy.” Cohen *22 v. Bolduc, 435 Mass. 608, 616 n.19 (2002). The timeliness of hearings for civil commitment and other mental health legal issues falls, therefore, within the well established exception to the mootness doctrine for matters that are capable of repetition, yet evading review. Acting Superintendent of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000). We thus proceed to consider the merits of this controversy.
2. Pursuant to G.L.c. 123, §7 (c), hearings on initial petitions for involuntary civil commitment “shall be commenced within 5 days of the filing of the petition, unless a delay is requested by the person or his counsel.” Construed in its ordinary sense, Commonwealth v. DeBella, 442 Mass. 683, 687 (2004), the statutory term “shall” designates a “mandatory or imperative obligation.” Hashimi v. Kalil, 388 Mass. 607, 609 (1983). Section 7 (c) further provides that “the periods of time prescribed or allowed under the provisions of this section shall be computed pursuant to Rule 6 of the Massachusetts Rules of Civil Procedure.” In determining time periods under Rule 6, the first day of the period is not counted and the last day cannot be a Saturday, Sunday or holiday. Mass. R. Civ. R, Rule 6(a).
Thus, with regard to the Respondent in this case, the last day for the hearing to be held after the filing of the petition on Tuesday, August 1, 2006 was Monday, August 8, 2006, unless the Respondent or her counsel agreed to a continuance. They did not. Given the absence of the Respondent’s consent, the continuance of the hearing to a date subsequent to the final August 8,2006 date mandated by statute was error. As civil commitment represents “a massive curtailment of liberty,” Commonwealth v. Nassar, 380 Mass. 908, 917 (1980), statutory time requirements in civil commitment cases must be strictly followed. See Hashimi, supra at 609.
Counsel for the Petitioner argues that the judge had the inherent authority to grant a continuance in the circumstances presented in this case. Clearly, the judge could have granted a continuance for one day, until August 8, 2006, to afford Petitioner’s counsel an opportunity to recover from his illness or to seek substitute counsel from his law firm or elsewhere. But however appropriately sympathetic the judge was to counsel’s request for a continuance based on illness, the court was not authorized to continue the commitment hearing past the deadline prescribed by G.L.c. 123, §7(c). The plain language of the statute limited the judge’s discretion. See Senior Hous. Props. Trust v. Healthsouth Corp., 447 Mass. 259, 272 (2006).
“[Cjonfinement without legal justification is never innocuous,” Commonwealth v. Kennedy, 435 Mass. 527, 530 (2001), and the failure to conduct a commitment hearing within the time limits mandated by G.L.c. 123, §7 (c) should result in a dismissal of the commitment petition. Id. at 530 n.3.
The statute’s deadlines are mandatory to protect a defendant’s liberty interest, and any delay by the [Petitioner] that results in a confinement exceeding [five] days is a violation of the statute. ... [Dismissal is the appropriate remedy for any violation of the ... deadline, absent extraordinary circumstances that would justify a very brief delay.[1]
Commonwealth v. Parra, 445 Mass. 262, 263 (2005).
The order of commitment is vacated, and the petition for civil commitment is dismissed.
So ordered.

A state of emergency at the federal or state level resulting in court closings or preventing the holding of a court session would, for example, constitute such extraordinary circumstances. The illness of counsel would not.