IN THE MATTER OF A GRAND JURY INVESTIGATION. August 11, 2008. *Supreme Judicial Court*, Appeal from order of single justice. *Moot Question. Grand Jury. Subpoena. Practice, Criminal*, Grand jury proceedings, Subpoena.

The petitioner appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. The Commonwealth has moved to dismiss the appeal as moot. We allow the Commonwealth's motion.

The petitioner was charged in the District Court with various felonies. In connection with a subsequent grand jury investigation, the prosecutor sought approval from a judge in the Superior Court to subpoena an investigator hired by the petitioner's counsel. See Mass. R. Prof. C. 3.8 (f), 426 Mass. 1397 (1998). See also *Matter of a Grand Jury Investigation*, 407 Mass. 916, 917-920 (1990). The prosecutor sought to question the investigator about an allegation that he had instructed a witness not to talk to the police. The petitioner's counsel objected to the issuance of the subpoena, claiming that subpoenaing the investigator would violate attorney-client and work-product privileges and impair the petitioner's relationship with his defense team. The judge approved the request, concluding that the reason for the subpoena was a legitimate law enforcement purpose, and that the limited scope of the prosecutor's proposed inquiry would not implicate those privileges.

The judge stayed her order to allow the petitioner to pursue the matter through a petition in the county court. In his petition, the petitioner pressed the same claims that he had raised in the Superior Court, and added that the prosecutor and the judge had failed to comply with the requirements of rule 3.8 (f). The single justice denied the petition. While recognizing that, "[a]t first blush," the case "appear[ed]" to raise important issues concerning privileges applicable to a defense attorney's investigation and what standards a judge should apply when approving a summons pursuant to rule 3.8 (f) (2), the single justice concluded that "the precisely limited scope of the questioning permitted by the judge, and the purpose of that questioning" identified by the prosecutor, "obviate[d]" those concerns: "the Commonwealth does not seek to uncover privileged information or to benefit from the fruits of the defense investigation."

Thereafter, the investigator appeared before the grand jury but did not testify because he validly invoked his privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution. The grand jury indicted the petitioner even without the investigator's testimony. Thereafter, the petitioner was tried and convicted of all but one charge.

The Commonwealth contends that because the grand jury proceedings have long since ended, the petitioner's claims have become moot. The petitioner

counters that we should address the appeal anyway because of the importance of the issues raised regarding the requirements of rule 3.8 (f), where a prosecutor seeks to subpoena a member of the defense team. While we may in our discretion address moot issues, see *Attorney Gen.* v. *Commissioner of Ins.*, 403 Mass. 370, 380 (1988), we decline to do so here. Questions regarding the requirements of rule 3.8 (f), while capable of repetition, will not necessarily evade review. See *Matter of a Grand Jury Subpoena*, 442 Mass. 1029, 1029 (2004); *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 492-493 (1992); *Commonwealth* v. *Winer*, 380 Mass. 934, 935 (1980). See also *Cronin* v. *Strayer*, 392 Mass. 525, 529 (1984); *Matter of Roche*, 381 Mass. 624, 625 n.1 (1980). Although the issues have been briefed, the parties no longer have a personal stake in the outcome. Moreover, the purpose for which the prosecutor sought to subpoena the investigator was particularly circumscribed, and so the case does not present issues of recurring importance to the administration of justice for which uncertainty and confusion exist. Cf. *Guardianship of Nolan*, 441 Mass. 1012, 1013 (2004) (dismissing as moot mother's challenge to decree appointing daughter as temporary guardian of ward; "[t]he mother's case is not one that falls into the category of cases capable of repetition yet evading review; her claims are heavily dependent on the specific facts of this case, unlikely to arise again in substantially the same form, and should they recur, they would not necessarily evade review before they become moot").[1]

*Appeal dismissed.*

The case was submitted on briefs.

*John M. Thompson* for the petitioner.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.

---

[1]Contrast *Matter of a Grand Jury Subpoena*, 447 Mass. 88, 89 (2006) (court addressed merits of novel question concerning application of spousal privilege in grand jury proceedings despite case becoming moot after oral argument because issue was important and "trial judges have reached differing conclusions"); *Matter of a Grand Jury Investigation*, 443 Mass. 20, 21 (2004) (court addressed scope of privilege of children not to testify against parents, under G. L. c. 233, § 20, Fourth, where, despite case becoming moot, matter had been reserved and reported by single justice, and issue was one of significance and likely to recur).

