Coven, J.
H.S., civilly committed to a psychiatric facility pursuant to G.L.c. 123, §§7 and 8, has appealed the order of commitment, asserting that the order must be vacated because the hearing on the petition for commitment was not commenced within the five-day period required by G.L.C. 123, §7(c), the petitioner lacked standing to file the petition, and the evidence was insufficient to warrant a finding beyond a reasonable doubt that the failure to hospitalize H.S. in a secure facility would create a substantial likelihood of serious harm.
On January 11, 2010, H.S. was voluntarily admitted to the inpatient psychiatric unit of the Melrose-Wakefield Hospital pursuant to G.L.C. 123, §12. She had been transferred from the Boston Memorial emergency room where she had been placed in restraints. Dr. Robert Welch (“Welch”), the Chief of Psychiatry at Melrose-Wakefield Hospital, was H.S.’s treating physician and the petitioner in this case. According to Dr. Welch, the medical staff at Boston Memorial observed that H.S. was agitated and tried to stabilize her with medication. At Melrose-Wakefield Hospital’s psychiatric facility, H.S. was diagnosed as suffering from schizoaffective disorder, a major mental illness.[1] It was her third psychiatric hospitalization in a two-month period.
On January 14,2010, Dr. Welch filed a petition for involuntary commitment under G.L.c. 123, §§7 and 8. A hearing was scheduled for January 21, 2010[2] at the Malden District Court. On the scheduled date, Dr. Welch, counsel for Melrose-Wakefield Hospital, and counsel for H.S. were present. It is unclear whether Dr. Welch was sworn as a witness. When the case was called for hearing, counsel for the Hospital informed the court that H.S. was not present, although she wished to be present, *248 because the “hospital d[id] not feel that it [was] safe to bring her as the doctor isn’t [present].”[3] The judge stated that the hearing had been formally commenced, and that it would be tentatively continued until the following day. Counsel for H.S. requested that the petition for commitment be dismissed because the hearing would not be held within the five-day period required by G.L.c. 123, §7(c).[4] Counsel informed the court that his client had neither waived her appearance, nor authorized him to assent to a continuance. The judge did not rule on H.S.’s counsel’s request for the dismissal, stating that he would not decide the motion without H.S. being present.
An evidentiary hearing was, in fact, conducted the next day. Dr. Welch testified that H.S. had threatened him and that, when he asked her whether what he perceived to be threats were threats, H.S. stated, “I am threatening you.” He informed the court that H.S. reported having psychotic symptoms, claiming to have been falsely imprisoned; and that she had been observed walking around talking to herself and talking on the telephone about an apparent conspiracy by the hospital staff.[5] In addition to this testimony, the record contains an affidavit from Dr. Welch that was submitted with his request to treat H.S. with antipsychotic medication.[6] In the affidavit, Dr. Welch states that, in addition to H.S. being “pressured, labile, disorganized, psychotic, and threatening to harm,” she did not understand her condition, the risks and benefits of an ongoing treatment plan, and the significant impairment to her judgment caused by her illness. Dr. Welch further stated:
It is also my opinion that as a result of [H.S.’s] mental illness, there exists a very substantial risk of physical impairment or injury to the person *249 herself as a result of poor judgment and insight, and severe paranoid delusions. The circumstances leading to this hospitalization are as follows: [H.S.] presented in a psychotic state, reporting that people ‘were trying to kill her.’ She had recently discharged from Arbour Hospital, and had been non-adherent with outpatient treatment.
The dispositive issue on this appeal is the timeliness of the commitment hearing. The trial judge in dealing with that issue was confronted by a confluence of the parties’ conflicting and not-easily-reconciled interests. The respondent was fundamentally entitled to a hearing conducted in compliance with statutory requirements and to be present during the course of that hearing. Conversely, the petitioner suggested in the trial court and on this appeal that the respondent was too dangerous or was otherwise physically or mentally unable to attend the first hearing that was scheduled in compliance with statutory time requirements. The conflict has not been addressed previously, and presents an issue that may well recur in mental health proceedings. See Guardianship of Nolan, 441 Mass. 1012, 1013 (2004). For that reason, we proceed to address it.
In dealing with the statutory time requirement, we stated in Matter of Molina, 2007 Mass. App. Div. 21 that“[p]ursuantto G.L.c. 123, §7(c), hearings on initial petitions for involuntary civil commitment ‘shall be commenced within 5 days of the filing of the petition, unless a delay is requested by the person or his counsel.’ Construed in its ordinary sense, Commonwealth v. DeBella, 442 Mass. 683, 687 (2004), the statutory term ‘shall’ designates a ‘mandatory or imperative obligation.’ Hashimi v. Kalil, 388 Mass. 607, 609 (1983).” Id at 22. In Matter of Molina, because of the illness of petitioner’s counsel, the court rescheduled the hearing for a time one day past what the statute allowed. We observed that “[cjlearly, the judge could have granted a continuance for one day, until August 8, 2006,[7] to afford Petitioner’s counsel an opportunity to recover from his illness or to seek substitute counsel from his law firm or elsewhere. However appropriately sympathetic the judge was to counsel’s request for a continuance based on illness, the court was not authorized to continue the commitment hearing past the deadline prescribed by G.L.c. 123, §7 (c). The plain language of the statute limited the judge’s discretion. See Senior Hous. Props. Trust v. Healthsouth Corp., 447 Mass. 259, 272 (2006).” Id
We further noted in Matter of Molina that “‘[cjonfinement without legal justification is never innocuous,’ Commonwealth v. Kennedy, 435 Mass. 527, 530 (2001), and the failure to conduct a commitment hearing within the time limits mandated by G.L.c. 123, §7(c) should result in a dismissal of the commitment petition. Id. at 530, n.3.” Id. “The statute’s deadlines are mandatory to protect a defendant’s liberty interest, and any delay by the [Petitioner] that results in a confinement exceeding [five] days is a violation of the statute.... [Dismissal is the appropriate remedy for any violation of the... deadline, absent extraordinary circumstances that would justify a very brief delay.” Id, quoting Commonwealth v. Parra, 445 Mass. 262, 263 (2005).
*250 We did not address in Matter of Molina whether a hearing had been “commenced.” While the clerk in this case called the matter for hearing, no witness presented testimony despite the fact that Dr. Welch, the treating psychiatrist for H.S., was present. We are not persuaded that, in the absence of the swearing of a witness, or of some evidence being taken, a hearing is “commenced” within the meaning of G.L.c. 123, §7(c).
Nor need we address in this case whether the rescheduling of a hearing because of some extraordinary circumstances, which may provide an exception to the statutory requirement that would comport with the statute and constitutional due process, was permissible. The petitioner herein claimed that H.S. was unable to attend the hearing because the “hospital d[id] not feel that it [was] safe to bring her as the doctor isn’t [present].” Yet no evidence was taken on the issue of whether the hospital’s unilateral action was justified. At a statutory and constitutional minimum, the court should have conducted a hearing in which the petitioner had the burden of proving, subject to cross-examination, that H.S. was incapable of attending the hearing. And the court should have stated its reasons for determining that the petitioner’s unilateral action was justifiable.[8]
The order of commitment is vacated, and the petition for civil commitment is dismissed.[9]
So ordered.

 The sufficiency of the evidence to establish a major mental illness is not in dispute.

 The hearing was properly scheduled for January 21, 2010. General Laws c. 123, §7 (c) provides that “ [tjhe periods of time prescribed or allowed under the provisions of this section shall be computed pursuant to Rule 6 of the Massachusetts Rules of Civil Procedure.” In determining time periods under Rule 6, the first day of the period is not counted, and the last day cannot be a Saturday, Sunday, or holiday. Mass. R Civ. E, Rule 6(a). Between the filing of the petition and the scheduled hearing date, there was also an intervening weekend and holiday, which are also excluded in computation. Id

 The court, prior to the hospital’s counsel’s representation, acknowledged the presence of a doctor and later, when scheduling a further hearing, referred to the presence of three parties present for the hearing. It is not clear what doctor was being referred to by counsel. H.S. does not dispute the representation made in the hospital’s brief that Dr. Welch was present.

 Section 7(c) of G.L.c. 123 mandates that a petition for involuntary commitment to a psychiatric facility “shall be commenced within 5 days of the filing of the petition, unless a delay is requested by the person [subject to the petition] or his counsel.”

 In the transcript of the commitment hearing, many portions of the testimony, particularly relevant to the sufficiency of the evidence regarding the danger H.S. posed to herself or others, are marked “indiscernible.” The docket entries do not reflect that the parties, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C(c)(4), “use[d] reasonable efforts to stipulate their content” or presented the issue to the judge who conducted the hearing.

 The following exchange took place when the hearing judge addressed the issue of involuntary medication of H.S.
“The Court: All right. So there’s no objection to incorporating all the testimony for the purpose of 8A; is that correct?
“[Counsel for H.S.]: Right. That’s correct.
“[Counsel for the hospital]: And also I understand the affidavit will be submitted into evidence.
“[Counsel for H.S.]: That’s okay.”

 In Matter of Molina, the hearing was scheduled for the day prior to the expiration of the five-day period allowed under G.L.c. 123, §7(c). August 8th was the last day. The hearing was rescheduled for August 9th.

 Hypothetically, a hospital’s position as to the mental or physical stability of a patient could, in some extraordinary circumstance, warrant a finding that a delay in the hearing is justifiable. But we think that it would be extremely rare that circumstances involving only the ability of the hospital itself to comply with the statutory requirement, e.g., staffing or transportation, would justify the continuation of a hearing beyond the five days required under the statute.

 As to the remaining issues on this appeal, we note that Dr. Welch, as Chief of Psychiatry of the psychiatric unit, was a proper petitioner. See G.L.c. 123, §7(a) (authorizing facility director to file petition) and 104 CMR 25.03 (defining facility director). See also BayRidge Hosp. v. Jackson, 2010 Mass. App. Div. 12, 13-14. Second, based on the state of the record before us, see note 5, the evidence consisting of Dr. Welch’s testimony and his affidavit supported, however marginally, the required finding for commitment that a person be “placed in reasonable fear of violent behavior and serious harm to them.” G.L.c. 123, §1.