RIZKALLAH vs. ATTORNEY GENERAL, 100 Mass. App. Ct. 533

 
 MOUHAB Z. RIZKALLAH vs. ATTORNEY GENERAL.

100 Mass. App. Ct. 533
 September 9, 2021 - December 3, 2021

Court Below: Superior Court, Essex County
Present: Vuono, Blake, & Englander, JJ.

 

Dentist. MassHealth. Medicaid. Attorney General. Practice, Civil, Moot case, Declaratory proceeding, Dismissal. Declaratory Relief. Jurisdiction, Declaratory relief.

This court could not grant meaningful relief to an individual who was the subject of a civil investigative demand (demand) by the Attorney General, and who had been ordered by a Superior Court judge to produce the records sought, where the plaintiff's subsequent production of the documents rendered moot his appeal from the judge's order; at any rate, the plaintiff failed to demonstrate that the demand insufficiently stated the nature of the conduct under investigation or was unduly burdensome. [536-538]

In a civil action arising from an investigation by the Attorney General's office into allegedly fraudulent Medicaid claims made by the plaintiff (an orthodontist), a Superior Court judge erred in dismissing the complaint, in which the plaintiff sought a judgment declaring that he had a right to bill the charges under investigation, where at the time of dismissal there was an actual controversy appropriate for judicial resolution (i.e., the Massachusetts Medicaid program, MassHealth, was withholding payments from the plaintiff to which he claimed entitlement, and for services he continued to provide despite the withholding); where judicial resolution would not constitute an intolerable interference into the Attorney General's authority, given that the plaintiff had been directly out of pocket as a result of governmental action for over nine months and had no administrative recourse; and where the Attorney General's later filing of a separate civil enforcement action did not render the plaintiff's claims moot; thus, this court vacated the judgment of dismissal and remanded the action for further proceedings consistent with this opinion. [538-541]

CIVIL ACTION commenced in the Superior Court Department on February 4, 2020. 

 A motion for a protective order was heard by Kathleen M. McCarthy, J., and a motion to dismiss was heard by James Lang, J. 

 Joel Rosen for the plaintiff.

 David R. Marks, Assistant Attorney General (Stephany G. Collamore, Assistant Attorney General, also present) for the Attorney General.

 Page 534 

 ENGLANDER, J. This case involves an investigation by the Massachusetts Attorney General's office (AGO) into allegedly fraudulent Medicaid claims made by the plaintiff, Mouhab Rizkallah, DDS, [Note 1] who runs several orthodontic practices in the Commonwealth. The case raises issues regarding how the subject of such an investigation might challenge the Commonwealth's positions before the investigation has run its course, where in the meantime the Commonwealth is withholding the subject's Medicaid reimbursements. 

 In April 2019, the Commonwealth's agency that administers the Massachusetts Medicaid program, MassHealth, began withholding certain payments that ordinarily would have been due to Rizkallah for orthodontic services rendered. In January 2020 the Attorney General issued a civil investigative demand (CID) to Rizkallah, pursuant to G. L. c. 12, § 5N, seeking the orthodontic files of 220 of Rizkallah's patients. Rizkallah responded in February 2020 by (1) filing an emergency motion to set aside the CID or to issue a protective order (motion for protective order), and (2) filing a declaratory judgment lawsuit (declaratory judgment complaint), seeking among other things a declaration of "Dr. Rizkallah's right to bill" the charges under investigation. A Superior Court judge denied the motion for protective order. Thereafter, a different Superior Court judge dismissed the declaratory judgment complaint, reasoning among other things that the court lacked jurisdiction to interfere as requested with the AGO's ongoing investigation. We find no error in the denial of the motion for protective order, but we vacate the dismissal of the declaratory judgment complaint, as the court was not without jurisdiction to decide that claim.

 Background. [Note 2] Rizkallah and MassHealth had been sparring over various issues for several years prior to MassHealth's April 2019 decision to withhold certain payments from Rizkallah. Rizkallah runs orthodontic practices at six locations in Massachusetts, which serve thousands of MassHealth patients. Most of 

 Page 535 

Rizkallah's patients are children insured through Medicaid. [Note 3] 

 In March 2017, the AGO sent Rizkallah a CID seeking thirty-one patient files and documents related to Rizkallah's provision of athletic mouthguards. Rizkallah complied with this request, without objection. In August 2017, the AGO sent additional requests for documents, and Rizkallah again complied with the request. No further action occurred for almost two years, when in April 2019 MassHealth served notice that it was withholding payments from Rizkallah with respect to billing code D9941 -- the code applicable to athletic mouthguards. Rizkallah alleged that under the applicable statutes and regulations, he was required to continue to provide mouthguards to covered patients if he wished to remain a MassHealth provider, even though he was not being paid. Rizkallah did so.

 In January 2020 the Attorney General issued a second CID to Rizkallah, this time seeking 220 additional patient files. The CID stated in pertinent part that the AGO was:

"in the course of an investigation to determine whether there is, has been, or may be a violation of G. L. c. 12, § 5B [the False Claims Act] by conduct of the following nature: 

"Submission of claims for payment to the Massachusetts Medicaid Program ('MassHealth') using Current Dental Terminology (CDT) code D9941 in a way that violates 130 C.M.R. § 420.456(E); and 

"Submission of orthodontic claims for payment from MassHealth in violation of 130 C.M.R. § 420.421(A)."

After receipt of the CID, Rizkallah's counsel sought further detail regarding the conduct under investigation relating to the second issue referenced -- 130 Code Mass. Regs. § 420.421(A) (2017).

 Page 536 

 In response, an Assistant Attorney General wrote in an e-mail that "we are investigating the medical necessity of the length of time orthodontic patients of the Rizkallah Practices are in braces."

 Thereafter, Rizkallah filed the two pleadings that are the subject of this appeal. The first was the motion for protective order as to the CID, in which he argued (1) that the AGO had not met the requirement of G. L. c. 12, § 5N (3) (ii), that it state "the nature of the conduct . . . under investigation," and (2) that the request was in any event unduly burdensome. At the same time, Rizkallah also filed the declaratory judgment complaint naming as the defendant the Attorney General. The declaratory judgment complaint set forth many of the above facts, and, among other things, requested: "a binding declaration of Dr. Rizkallah's right to bill the mouthguards as he has always done and to bill patients directly for any service that is not covered by MassHealth."

 On February 14, 2020, a Superior Court judge denied the motion for protective order and allowed the AGO's cross motion to compel (CID production order), reasoning that the AGO had "informed [Rizkallah] of the specific [r]egulations that relate to this investigation [and] referenced the specific billing codes[,] i.e., the type of procedures being investigated." The judge also concluded that a request for 220 patient files was not unduly burdensome. A few months later, on May 26, 2020, a different Superior Court judge allowed the AGO's motion to dismiss the declaratory judgment complaint. The judge stated several grounds for dismissal, including "the absence of an actual controversy at present," and "the intrusiveness of this action on the AGO's investigative discretion." The judge declined Rizkallah's suggestion that the judge should stay the action rather than dismiss it, stating among other things that he lacked "jurisdiction to adjudicate the declaratory judgment claim."

 Rizkallah noticed an appeal on June 24, 2020. Importantly, in June 2020 Rizkallah also complied with the CID, produced the requested documents, and submitted a certification to the AGO that the production was complete. Some eight months later, on February 25, 2021, the AGO filed a complaint in Superior Court against Rizkallah under the False Claims Act, alleging among other things that Rizkallah has been improperly billing MassHealth for mouthguards. That action is pending.

 Discussion. 1. The CID production order. Rizkallah's effort to overturn the CID production order fails for multiple reasons. First, the appeal is moot as to that order. Rizkallah produced the

 Page 537 

 documents over one year ago. The AGO has since instituted a civil proceeding. A case is moot if a court can order "no further effective relief" (citation omitted). Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 817 (2019), cert. denied, 140 S. Ct. 858 (2020). Here, there does not appear to be meaningful relief that can now be granted with respect to the documents, even if Rizkallah were correct that the CID production order was issued in error. [Note 4] 

 Even were we to reach the merits, however, Rizkallah's complaints about the CID are not well taken. General Laws c. 12, § 5N (3) (ii), requires the AGO to advise the CID recipient of the "nature of the conduct constituting the alleged violation." The AGO's CID met this requirement -- the AGO identified by billing code the charges it was concerned about, and specified the regulation that might be violated. When asked, the AGO provided further detail regarding the conduct at issue for a second type of violation. From this information, Rizkallah knew that the AGO was looking at particular conduct -- his practices in providing and billing for mouthguards, and in maintaining patients in braces. He also knew what law the AGO was relying upon. No more was required. G. L. c. 12, § 5N (3). 

 Nor was the request unduly burdensome. A request for 220 specific files was appropriately targeted, particularly for practices the size of Rizkallah's. Cf. Exxon Mobil Corp. v. Attorney Gen., 479 Mass. 312, 326 (2018), cert. denied, 139 S. Ct. 794 (2019) (CID requesting records spanning forty years not unduly burdensome under the circumstances). Moreover, and more fundamentally, there is no merit in any event to Rizkallah's complaint about having to turn over documents in response to a tailored request regarding the basis for his billings to MassHealth. By law, Rizkallah must create and maintain such records, and he is required by regulation to turn over such records to MassHealth or the AGO "on request." 130 Code Mass. Regs. §§ 450.205(A),

 Page 538 

 450.223(C)(3) (2017). It should come as no surprise that MassHealth or the AGO may, from time to time, conduct a review of a provider's files to evaluate whether the Commonwealth is being properly billed for services. That is in essence what the AGO's investigation seeks to do. [Note 5] Accordingly, there was no error in the denial of the motion for protective order. 

 2. The declaratory judgment action. While Rizkallah's objection to the CID was properly rejected, we reach a different conclusion as to the dismissal of the declaratory judgment complaint. On its face, the declaratory judgment complaint not only requested relief with respect to the pending CID, but also requested relief that went to the heart of a pending dispute -- that is, Rizkallah sought a declaration that he had a right to bill for mouthguards "as he has always done." MassHealth was withholding reimbursement for mouthguards from Rizkallah at the time. Under those circumstances a suit for a declaratory judgment -- or indeed, a suit seeking payment of monies owed (which was not requested in the complaint) -- would seem to be an entirely appropriate means to resolve such a dispute.

 In its motion to dismiss the declaratory judgment complaint, the AGO raised a plethora of arguments, centered around the notion that the AGO was engaged in an "ongoing investigation." Relevant here, the AGO contended that there was no "actual controversy" because the investigation had not yet concluded, and that the suit was "premature[]." [Note 6] The AGO also contended that the "doctrine of prosecutorial discretion" mandated dismissal, because otherwise the court would be engaged in an "'intolerable interference' into the Attorney General's authority." The motion judge agreed with the AGO and dismissed

 Page 539 

 the case.

 We are not persuaded that jurisdiction was or is lacking with respect to the declaratory judgment complaint. We first analyze the issue as of the time the judge dismissed the case -- that is, before the AGO had filed its false claims complaint. Under the declaratory judgment statute, the Superior Court has the authority to "make binding declarations of right, duty, status and other legal relations . . . in any case in which an actual controversy has arisen . . . ." G. L. c. 231A, § 1. At the time of dismissal there was an actual controversy; MassHealth was withholding payments from Rizkallah to which Rizkallah claimed entitlement, and moreover, Rizkallah was apparently continuing to provide patients with mouthguards, despite the withholding. That controversy was appropriate for judicial resolution; a judge would have had to find the facts regarding Rizkallah's billing practices, and to analyze those facts against the applicable regulatory framework. [Note 7] 

 Nor are we persuaded that "prosecutorial discretion," or separation of powers doctrine, would have prevented the judge from determining the propriety of the withholding, even where the AGO claimed that its investigation was ongoing. The AGO's argument that a judge would be working an "intolerable interference" by exercising declaratory judgment jurisdiction under such circumstances proves too much. Where as here a plaintiff is directly out of pocket as a result of government action (and has no administrative recourse), the plaintiff should be able to obtain relief through the courts, if warranted. Cf. Suburban Home Health Care, Inc. v. Executive Office of Health & Human Servs., 488 Mass. 347, 353 (2021) (declaratory judgment action available to resolve legality of overpayment recoupment proceedings pursued by MassHealth). The AGO's suggestion that the courts would not be available amounts to the contention that the Commonwealth has the unilateral power to deprive a person of property to which he or she may be entitled, without any enforceable

 Page 540 

 restrictions on the length of time it may do so. To the contrary, the courts must be available to provide a forum for potential recourse in such circumstances. [Note 8] See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (where there has been a deprivation of property, due process requires a meaningful hearing, at a meaningful time); Moore v. Executive Office of the Trial Court, 487 Mass. 839, 844 (2021).

 We also are not moved by the Commonwealth's assertion that the withholding was required by Federal law, once the Commonwealth received a "credible allegation" of fraudulent charges. 42 C.F.R. § 455.23(a)(1). The fact that it may be proper to initiate withholding under such circumstances does not mean that the courts are unavailable to test the basis for the ongoing withholding. Here, Rizkallah's suit was not instituted until nine months after withholding began. The availability of judicial recourse at that point would seem to be appropriate. [Note 9] The declaratory judgment statute was designed to provide relief in such situations: "[i]ts purpose is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations." G. L. c. 231A, § 9.

 In its brief to this court, the AGO argues that jurisdiction is lacking for a new reason -- it argues that because it has now filed a civil enforcement action, Rizkallah's claims are "moot." We

 Page 541 

 disagree. The actual controversy did not vanish merely because the AGO filed another lawsuit that raises most (or perhaps all) of the same issues, and the declaratory judgment action is not moot. Rather, there are now two Superior Court lawsuits raising the same or similar issues, and those lawsuits need to be addressed in accordance with the usual case management discretion that judges have in such circumstances. See, e.g., Mass. R. Civ. P. 42 (a), as amended, 423 Mass. 1402 (1996); Exxon Mobil Corp., 479 Mass. at 329; Arno v. Commonwealth, 457 Mass. 434, 446-447 (2010) (trial courts have discretion to consolidate cases or to stay cases in interests of efficiency).

 Accordingly, we shall vacate the judgment dismissing the declaratory judgment complaint and remand the action for further proceedings consistent with this opinion. On remand, the judge may exercise the usual discretion as to management of the case going forward, having in mind that there is now pending another case that raises many (if not all) of the issues raised by the declaratory judgment count. Cf. Everett v. Local 1656, Int'l Ass'n of Firefighters, 411 Mass. 361, 369 (1991) (affirming dismissal of declaratory judgment complaint where there was equal or better forum available to resolve dispute).

 The judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.

 So ordered.

FOOTNOTES
[Note 1] The AGO's investigation encompasses Dr. Rizkallah as an individual and "all dental and orthodontic practices in which Dr. Rizkallah has or has had an ownership interest and which are or were a MassHealth provider." Our references to Rizkallah herein refer collectively to Dr. Rizkallah, his practices, and any corresponding corporate entities impacted by the investigation. 

[Note 2] The material facts are taken from the operative documents, which include the declaratory judgment complaint, the CID, and the applicable motions and oppositions. 

[Note 3] Rizkallah is also the president of the Medicaid Orthodontists of Massachusetts Association, Inc. (MOMA), which is a self-described public interest corporation composed of orthodontists and MassHealth providers. Through MOMA, Rizkallah had sued MassHealth at least twice prior to the events at issue, although the details of the prior lawsuits are not material to the issues before us. In 2014, MOMA sued MassHealth in a class action challenging certain of MassHealth's coverage standards. That lawsuit settled, with MassHealth changing some of the standards. In 2017, Rizkallah and MOMA filed a second lawsuit against MassHealth, regarding a regulatory change that allegedly made it "financially impossible for orthodontists to treat" so-called "transfer patients." That lawsuit had not been fully resolved as of the time Rizkallah filed this declaratory judgment action. 

[Note 4] Rizkallah argues that we should address the propriety of the CID nonetheless, because the issues he raises are "capable of repetition yet evading review." Harmon v. Commissioner of Correction, 487 Mass. 470, 472 (2021). We disagree that the doctrine applies here. The issues Rizkallah raises are not primarily questions of law, but instead are highly fact dependent, and unlikely to arise again in the same form. See Matter of a Grand Jury Investigation, 452 Mass. 1002, 1003 (2008); Guardianship of Nolan, 441 Mass. 1012, 1013 (2004) ("[This] case is not one that falls into the category of cases capable of repetition yet evading review; [its] claims are heavily dependent on the specific facts of this case [and] unlikely to arise again in substantially the same form"). 

[Note 5] Rizkallah also argues on appeal that the AGO issued the CID in bad faith as retaliation for his prior lawsuits against MassHealth, and that therefore "the CID may be set aside." We note that Rizkallah does not identify any Massachusetts authority to support this argument, and for the reasons stated above -- that is, the Commonwealth's legal rights to review the documents at issue -- it is without merit. 

[Note 6] The AGO also argued that the case must be dismissed because MassHealth was not named as a defendant. We agree that it would have been more appropriate to join MassHealth, given the relief sought in the declaratory judgment complaint. Dismissal was not required, however, because even assuming that MassHealth is a necessary party under Mass. R. Civ. P. 19, it is not an indispensable party that cannot be joined. See Meyer v. Wagner, 429 Mass. 410, 425 (1999); Mass. R. Civ. P. 19 (a), 365 Mass. 765 (1974) ("If [a necessary party] has not been so joined, the court shall order that [the necessary party] be made a party"). 

[Note 7] We note that it appears that there was no prescribed State administrative process that Rizkallah could initiate to challenge MassHealth's decision to withhold payments; the parties so advised us at argument, and we have found none. Indeed, the Massachusetts regulations state that when MassHealth withholds funds pursuant to a "credible allegation of fraud . . . [t]he withholding of payments continues until such time as any investigation and associated enforcement proceedings are completed, and all due amounts have been recovered." 130 Code Mass. Regs. § 450.249(C) (2017). It appears, accordingly, that there would be no basis for contending that there are administrative remedies that had to be exhausted before Rizkallah filed suit. 

[Note 8] Our decision addresses circumstances where payment is being withheld, not an investigation unaccompanied by such a consequence. Moreover, we note that a judge may stay a declaratory judgment action for a reasonable time, if warranted by the circumstances, while the investigation is being completed. See generally Travenol Lab., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985). 

[Note 9] Under the circumstances, we need not decide the timing issues as to when a MassHealth provider would be able to pursue a court challenge to a decision to withhold payments. We recognize that the AGO has an interest in pursuing its investigation without having to respond to a judicial proceeding. See G. L. c. 12, § 5C (1) (granting AGO power to investigate false claims for State funds). On the other hand, if withholding accompanies such an investigation, a provider's (potentially meritorious) claim to payment for services rendered and product provided would appear to be a property interest, the deprivation of which implicates due process rights to a hearing at a meaningful time. See Jordan Hosp., Inc. v. Shalala, 276 F.3d 72, 78 n.5 (1st Cir.), cert. denied, 537 U.S. 812 (2002) (suggesting there is property interest in Medicaid reimbursements for services already rendered); Moore, 487 Mass. at 845 (suspension of salary payment implicates due process rights). But cf. Yorktown Med. Lab., Inc. v. Perales, 948 F.2d 84, 89 (2d Cir. 1991) (stating no property right in Medicaid reimbursement while investigation is pending, but paradoxically warning government agencies "may not withhold payment indefinitely without some findings as to unacceptable practices"). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.